UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GERBE, as Administratrix for the Estate of Raymond Gerbe, and BARBARA GERBE | : CIVIL ACTION NO. |
| v. | : |
| YALE-NEW HAVEN HEALTH SERVICES CORP., FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC. AND DOREEN A. PALLANTI | : MARCH 6, 2008 |

## NOTICE OF PENDING MOTIONS

The following motions are pending in state court: a Motion to Strike (dated January 18, 2008) and Motion for Extension of Time (dated February 25, 2008) filed by defendant Yale-New Haven Health Services Corp., and a Motion to Amend as of Right (dated February 8, 2008) filed by Plaintiffs. Copies of these motions are attached hereto at Exhibit A.

THE DEFENDANT,

FIDELITY INVESTMENTS
INSTITUTIONAL OPERATIONS
COMPANY, INC.

_____
Albert Zakarian (ct14232)
Douglas W. Bartinik (ct18438)
Day Pitney, LLP
242 Trumbull Street
Hartford, Connecticut 06103-3499
Telephone: (860) 275-0100
Fax: (860) 275-0343
Its Attorneys

2

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Jennifer Rignoli, Esq.
Parrett, Porto, Parese & Colwell, PC
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518
*Attorney for Plaintiff*

David A. Corbett, Esq.
Litchfield Cavo LLP
40 Tower Lane, Suite 200
Avon, CT 06001
*Attorney for Defendant Yale-New Haven
Health Services Corp.*

Joseph E. Schettino, Jr., Esq.
Schettino and Temchin
18 Peck Street
North Haven, CT 06473
*Attorney for Defendant Doreen A. Pallanti*

_____
Douglas W. Bartnik

3

# EXHIBIT A

DOCKET NO.: NNH-CV-08-4029439-S : SUPERIOR COURT

LAURA GERBE, ADMINISTRATRIX OF
ESTATE OF RAYMOND GERBE
: J.D. NEW HAVEN

v.
: AT NEW HAVEN

YALE NEW HAVEN HEALTH SERVICES
CORPORATION, ET AL.
: JANUARY 18, 2008

## DEFENDANT YALE NEW HAVEN HEALTH SERVICES CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE

The defendant, Yale New Haven Health Services Corporation (hereinafter "YNHHSC"), submits the following memorandum of law in support of its motion to strike.

### I. Factual Background

The plaintiffs' decedent held four employer-sponsored retirement accounts through YNHHSC, which were maintained by Fidelity Investments Institutional Services Company, Inc. (Compl. ¶ 3-4.) The plaintiff, Barbara Gerbe, was designated as the primary beneficiary at the time that the decedent established the retirement accounts. (Compl. ¶ 7.) The plaintiff alleges that after their divorce, Barbara Gerbe and the decedent agreed that the funds in the account were to be used for the care of their children. (Compl. ¶ 10.) When Barbara Gerbe requested a beneficiary distribution after the decedent's death, she learned that she was no longer the named beneficiary on the accounts. Rather, the decedent had named the defendant, Doreen A. Pallanti, as the beneficiary. (Compl. ¶ 12-14.) The plaintiffs thereafter brought the present claim alleging undue influence and fraud against Ms. Pallanti.

## II. Legal Standard

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaints ... to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "A motion to strike is to be tested by the allegations of the pleading [that is the subject of the motion to strike], which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks omitted.) (Alterations in original.) Doe v. Yale University, 252 Conn. 641, 694 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Fort Trumbull Conservancy, LLC v. Alves, 262 Conn. 480, 498 (2003).

## III. Legal Argument

In Counts One and Two, the plaintiffs allege undue influence on the part of the defendant, Pallanti. (Compl. ¶ 25.) Similarly, in Counts Three and Four, the plaintiffs claim that the change of the beneficiary of the retirement accounts was the product of the fraudulent actions of Pallanti. (Compl. ¶ 22). They do not, however, reference any conduct, fraudulent or otherwise, on the part of YNHHSC. The sole references to YNHHSC simply state that the decedent maintained retirement accounts through YNHHSC and that on May 29, 2007, YNHHSC informed Barbara Gerbe that she was the named beneficiary of the accounts. (Compl. ¶ 3, 11.) Since the plaintiffs have not alleged any wrongful conduct on the part of YNHHSC, they have failed to state claims for both undue influence and fraud. Therefore, the Court must grant the defendant's motion to strike.

2

A.   The Plaintiffs Have Failed to State a Cause of Action for Undue Influence.

"Undue influence is the exercise of sufficient control over a person, whose acts are brought into question, in an attempt to destroy his free agency and constrain him to do something other than he would do under normal control." Gennotti v. Jetmore, 2007 WL 3087950 *3 (Conn.Super. Oct. 03), citing Reynolds v. Monitor, 184 Conn. 526, 528 (1981). "It is stated generally that there are four elements of undue influence: (1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence." Pickman v. Pickman, 6 Conn.App. 271, 275 (1986). Since the plaintiffs have not alleged that YNHHSC had an opportunity or a disposition to exert undue influence on the decedent, they have failed to state a cause of action for undue influence.

Furthermore, YNHHSC did not have the disposition to exert undue influence because it had no interest in the decedent's retirement accounts. The court in Geisel v. Durkin, 2004 WL 2595943 *10 (Conn.Super. Oct. 20), found that disposition was present when the family relationships were fraught with animosity and jealousy. In that case, the plaintiffs alleged undue influence on the part of the sister and grandson because the decedent left her entire estate to her sister and grandson, rather than her spouse or children. In the present case, it is of no consequence to YNHHSC whether the plaintiff, Barbara Gerbe, or the defendant, Pallanti, is the beneficiary of the account. YNHHSC merely offered the decedent the opportunity to maintain retirement accounts through it, which does not demonstrate a disposition to exert undue influence. Since the plaintiffs have not pled any facts indicating

3

that YNHHSC had the opportunity or disposition to exert undue influence, they have failed to state a claim for undue influence. Therefore, the Court must grant the defendant's motion to strike Counts One and Two.

B.   The Plaintiffs Have Failed to State a Cause of Action for Fraud.

"The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment." (Internal quotations and citations omitted.) Whitaker v. Taylor, 99 Conn.App. 719, 730 (2007).

The plaintiffs claim that the defendant, Pallanti, acted fraudulently in order to induce the decedent to substitute Pallanti for Barbara Gerbe as the beneficiary on the retirement accounts maintained through YNHHSC. Again, the plaintiffs do not allege any conduct on the part of YNHHSC. The only representation alleged on the part of YNHHSC is that it incorrectly informed Barbara Gerbe on May 29, 2007 that she was still the named beneficiary on the retirement accounts. There is no claim that this was done fraudulently. Moreover, this statement obviously did not induce the decedent to change the beneficiary of his accounts, as it was made to Barbara Gerbe after the decedent's death. Since the plaintiffs have not alleged any fraudulent actions on the part of YNHHSC, the Court must grant the defendant's motion to strike as to Counts Three and Four.

4

## IV. Conclusion

The present complaint does not state any cause of action against YNHHSC. Furthermore, YNHHSC is not in possession of the funds in question. As alleged in the complaint, the funds are held by Fidelity Investments Institutional Services Company, Inc. Accordingly, since no claims have been made against YNHHSC, the motion to strike should be granted.

THE DEFENDANT, YALE NEW
HAVEN HEALTH SERVICES

BY: _____
Patrick M. Noonan
Colleen Noonan Davis
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203)458-9168

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Attorney Jennifer Ragnoli
Parrett, Porto, Parese & Colwell, PC
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518

_____
Colleen Noonan Davis

5

DOCKET NO.: NNH-CV-08-4029439-S : SUPERIOR COURT

LAURA GERBE, ADMINISTRATRIX OF
ESTATE OF RAYMOND GERBE : J.D. NEW HAVEN

v. : AT NEW HAVEN

YALE NEW HAVEN HEALTH SERVICES
CORPORATION, ET AL. : February 8, 2008

## NOTICE OF INTENTION TO ARGUE

Pursuant to Practice Book §11-18, defendant, Yale New Haven Health Services, hereby provide notice of its intent to argue its Motion to Strike dated January 18, 2008 (#101.00). This Motion appears on the February 11, 2008 Short Calendar #1, Column #4, Position #33.

Judicial District of New Haven
**SUPERIOR COURT**
**FILED**

**FEB 08 2008**

**CHIEF CLERK'S OFFICE**

THE DEFENDANT, YALE NEW
HAVEN HEALTH SERVICES

BY: /s/ Patrick M. Noonan
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

## CERTIFICATION

This is to certify that a copy of the foregoing was faxed and mailed, postage prepaid, on the above-written date, to:

Attorney Jennifer Ragnoli
Parrett, Porto, Parese & Colwell, PC
2319 Whitney Avenue, Suite 1D
Hamden, CT 06518

*Patrick M. Noonan*
Patrick M. Noonan

2

| | |
|---|---|
| DOCKET NO. NNH-CV-08-4029439 : | SUPERIOR COURT |
| LAURA GERBE AS ADMINISTRATRIX FOR ESTATE OF RAYMOND GERBE; and BARBARA B. GERBE : | J.D. OF NEW HAVEN |
| V. : | AT NEW HAVEN |
| YALE-NEW HAVEN HEALTH SERVICES CORP.; FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC.; and DOREEN A. PALLANTI : | FEBRUARY 8, 2008 |

## MOTION FOR AMENDMENT AS OF RIGHT

The plaintiffs hereby move to amend their Complaint as of right in accordance with Section 10-59 of the Connecticut Practice Book. The plaintiffs seek to amend their complaint (1) for the purpose of correcting the misnomer of the corporate defendant, Fidelity Investments Institutional Services Company; (2) for removing defendants Fidelity Investments and Yale New Haven Health Services from Counts 1 through 4; and (3) for adding two additional counts sounding in negligence against defendants Fidelity Investments and Yale New Haven Health Services.

The Complaint erroneously lists Fidelity's name as "Fidelity Investments Institutional Services Company, Inc." whereas the appropriately named entity is "Fidelity Investments Institutional Operations Company, Inc." Corporate Counsel for Fidelity Investments Institutional Operations Company, Inc. has

waived re-service of the summons and Complaint to correct this misnomer. The proposed Amended Complaint is attached hereto.

THE PLAINTIFFS

BY: _____
JENNIFER RIGNOLI
Parrett, Porto, Parese & Colwell, P.C.

### ORDER

The foregoing Motion having been presented, IT IS HEREBY ORDERED:

**GRANTED / DENIED.**

THE COURT

BY: _____
JUDGE / CLERK

I:\Probate\Gerbe\Undue Influence\Pleadings\Amend as of Right.doc    2

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid this 8th day of February, 2008 to:

Patrick M. Noonan, Esq.
Concept Park, 741 Boston Post Road
Guilford, CT 06437

Fidelity Investments Institutional Operations Co., Inc.
Christine M. Hanna, Esq.
82 Devonshire Street
Boston, MA 02109

Doreen A. Pallanti
34 Lorings Trailer Park
Wallingford, CT 06492

_____
JENNIFER RIGNOLI
Commissioner of the Superior Court