UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAURA GERBE, as Administratrix for the Estate : <br> (AWT) <br> of Raymond Gerbe, and BARBARA GERBE : <br> : <br> v. : <br> : <br> YALE-NEW HAVEN HEALTH SERVICES : <br> CORP., FIDELITY INVESTMENTS : <br> INSTITUTIONAL OPERATIONS COMPANY, : <br> INC. AND DOREEN A. PALLANTI : | Civil Action No. 08-CV-344 <br><br><br><br><br><br><br><br> April 23, 2008 |

## JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint filed:               December 19, 2007

Date Amended Complaint served
on all defendants:                    February 8, 2008

Date of first defendants'
appearance in federal court:      March 6, 2008

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(e), a conference was held on April 2, 2008. The participants were:

Jennifer Rignoli for Plaintiffs;

Jill Hartley and Joseph E. Schettino, Jr. for Defendant Doreen A. Pallanti;

David A. Corbett for Defendant Yale-New Haven Health Services Corp. ("Yale-New-Haven");

LAW OFFICES of JILL HARTLEY, LLC    100 Pearl Street, 14th Floor    Tel: (860) 249-7143
                                    Hartford, CT 06103             Fax: (860) 249-7144

Douglas W. Bartinik for Defendant Fidelity Investments Institutional Operations Company, Inc. ("Fidelity")

## I. Certification

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

A.  *Subject Matter Jurisdiction*

Defendant Fidelity removed this case to federal court pursuant to 28 U.S.C. § 1441(a), the Court having original jurisdiction pursuant to § 502(a) of the Employee Retirement Income Security Act (see 29 U.S.C. § 1132), 28 U.S.C. § 1331a, and 28 U.S.C. § 1337(a).

B.  *Personal Jurisdiction*

Not contested.



LAW OFFICES of JILL HARTLEY, LLC    100 Pearl Street, 14th Floor    Tel: (860) 249-7143
Hartford, CT 06103    Fax: (860) 249-7144

### III. Brief Description of Case

#### A. *Claims of Plaintiffs*

The Plaintiffs allege that defendant Doreen Pallanti exercised undue influence and domination over Raymond Gerbe to cause him to name her as beneficiary of his four employer sponsored retirement accounts with Yale New Haven. In the alternative, the Plaintiffs allege that defendant Doreen Pallanti fraudulently substituted her own name as beneficiary of the four aforementioned accounts through an online beneficiary designation change. The Plaintiffs further allege that the defendants Yale New Haven and Fidelity breached their fiduciary duties to the plan participant, Raymond Gerbe, in allowing an unsecured online beneficiary designation change.

#### B. *Defenses and Claims of Defendants*

Pallanti denies each and every claim of the Plaintiff. Contrary to Plaintiff's allegations, Mr. Gerbe decided to designate Pallanti as a beneficiary of his own free will and accord and in the absence of any influence or undue influence by Pallanti. In contrast to the allegations in the Amended Complaint, Mr. Gerbe made this decision long before he was diagnosed with a terminal illness and at a time when he was not living with Pallanti, was working for Yale-New Haven and was caring for himself. Plaintiff's allegation, in the "alternative", that Pallanti substituted her own name as a beneficiary of Mr. Gerbe's retirement plans is patently false in view of the fact that Mr. Gerbe made each beneficiary designation himself either in writing or from his work station at Yale New-Haven. Significantly, Plaintiff has not cited a single fact purportedly in support of this "alternative" claim. Mr. Gerbe's decision to make Pallanti a beneficiary of his four retirement plans was entirely consistent with other action taken by Mr. Gerbe years earlier, including his designation of Pallanti in 2004 as a beneficiary on his life insurance through his employment

at Yale-New Haven. Mr. Gerbe had a long term relationship with Pallanti, who was his significant other from the spring of 1999 until his death in May of 2007.

Defendant Yale New Haven denies Plaintiffs' claim that it was negligent or otherwise breached any duty owed to Plaintiffs.

Defendant Fidelity denies Plaintiffs' claim that it was negligent or otherwise breached any duty owed to Plaintiffs.

C. *Defenses and Claims of Third Party Defendants*

Not applicable.

IV. **Statement of Undisputed Facts**

Defendants' counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties agree that:

- Plaintiff Barbara Gerbe and Raymond Gerbe divorced in 1999.
- During his lifetime Raymond Gerbe contributed to various retirement plans sponsored by his employer, Yale New Haven.
- Fidelity was the directed record keeper of the retirement plans at issue.
- Raymond Gerbe died on May 27, 2007.
- The funds at issue have not been distributed and are being held by Fidelity. Pallanti has not and does not consent to Fidelity's retention of the funds at issue.



V.     **Case Management Plan**

    A.     *Standing Order on Scheduling in Civil Cases*:  The Defendants request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

        1.     The Parties request that the deadline to complete discovery be modified in accordance with section E, *infra*.

        2.     The Parties request that the deadline to file motions for summary judgment be modified in accordance with section F, *infra*.

    B.     *Scheduling Conference with the Court:*  The Parties do not request a conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.     *Early Settlement Conference:*

        1.     The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely before discovery is commenced.

        2.     Although the Parties may request an early settlement conference, the parties have agreed to commence limited discovery before a conference is requested.

        3.     If a settlement conference is later scheduled, the Parties prefer a settlement conference with a Magistrate Judge.

        4.     The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16(h) at this time.



LAW OFFICES of JILL HARTLEY, LLC    100 Pearl Street, 14th Floor    Tel: (860) 249-7143
                                          Hartford, CT 06103    Fax: (860) 249-7144

D.  *Joinder of Parties and Amendment of Pleadings:* Plaintiffs will file any amended pleadings not later than June 1, 2008. Defendants will file any amended pleadings by July 1, 2008.

E.  *Discovery:*

1. The Parties anticipate that discovery will be needed on the facts and circumstances alleged in Plaintiffs' complaint, the facts and circumstances relating to Defendants' defenses, and the facts and circumstances relating to the change in beneficiary designation from Barbara Gerbe to Defendant Pallanti.

2. The Parties propose the following discovery schedule:

(a) All discovery, including depositions, to commence immediately and to be completed (not propounded) not later than December 31, 2008.

(b) Plaintiffs' experts to be disclosed (and expert reports to be furnished) on or before September 15, 2008. Defendants' experts to be disclosed (and expert reports to be furnished) on or before October 30, 2008.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by December 31, 2008.

5. The parties anticipate that Plaintiff will require a total of three depositions and Defendants will require a total of three depositions.



6.  The Parties do not anticipate requesting permission to serve more than 25 interrogatories.

7.  Plaintiffs' experts. *See* 2(b) above.

8.  Defendants' experts. *See* 2(b) above.

9.  Plaintiffs will provide a damages analysis to Defendants not later than September 15, 2008.

10. In accordance with Rule 26(f)(3)(C), counsel have discussed the disclosure and preservation of electronically stored information, including but not limited to the form or forms in which it will be produced. The Parties have agreed that, to the extent possible, all discovery will be provided in paper form. In addition, the Parties have retained all electronic data relating to the allegations of the Complaint.

11. In accordance with Rule 26(f)(3)(D), counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that privileged information inadvertently produced will not waive the attorney-client privilege.

F.  *Dispositive Motions:* Summary judgment motions (or other dispositive motions) will be filed not later than 30 days after the close of discovery.

G.  *Joint Trial Memorandum:* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 45 days after this Court's

LAW OFFICES of JILL HARTLEY, LLC    100 Pearl Street, 14th Floor    Tel: (860) 249-7143
Hartford, CT 06103    Fax: (860) 249-7144

ruling on all dispositive motions or 45 days after the close of discovery, whichever date is later.

### VI. Trial Readiness

The case will be ready for trial within 30 days after the filing the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with opposing counsel and the Court to promote the just, speedy and inexpensive determination of this action.

LAW OFFICES of JILL HARTLEY, LLC   100 Pearl Street, 14th Floor   Tel: (860) 249-7143
Hartford, CT 06103   Fax: (860) 249-7144

| | |
|---|---|
| PLAINTIFFS,<br><br>By: /s/ Jennifer Rignoli<br>    Jennifer Rignoli (ct27538)<br>    Parrett, Porto, Parese & Colwell PC<br>    2319 Whitney Avenue, Suite 1D<br>    Hamden, CT 06518<br>    Email: jrignoli@pppclaw.com | DEFENDANT,<br>FIDELITY INVESTMENTS<br>INSTITUTIONAL OPERATIONS<br>COMPANY, INC.<br><br>By:  /s/ Douglas W. Bartinik<br>    Albert Zakarian (ct4232)<br>    Douglas W. Bartinik (ct18438)<br>    Day Pitney LLP<br>    242 Trumbull Street<br>    Hartford, Connecticut 06103-1212<br>    Email: dwbartinik@daypitney.com<br><br>DEFENDANT,<br>YALE-NEW HAVEN HEALTH<br>SERVICES CORP.<br><br>By:  /s/ David A. Corbett<br>    David A. Corbett (ct21303)<br>    Litchfield Cavo LLP<br>    40 Tower Lane, Suite 200<br>    Avon, CT 06001<br>    Email: Corbett@litchfieldcavo.com<br><br>DEFENDANT,<br>DOREEN PALLANTI<br><br>By:  /s/ Joseph E. Schettino<br>    Joseph E. Schettino, Jr. (ct17691)<br>    Schettino and Temchim<br>    18 Peck Street<br>    North Haven, CT 06473<br>    Email: jeschettino@aol.com |



|  | DEFENDANT,<br>DOREEN PALLANTI<br><br>By: *Jill Hartley* (signature)<br>Jill Hartley (ct10570)<br>Law Offices of Jill Hartley, LLC<br>100 Pearl St., 14th Fl.<br>Hartford, CT 06103<br>Email: jill@jhartleylaw.com |
|---|---|

-10-

LAW OFFICES of JILL HARTLEY, LLC    100 Pearl Street, 14th Floor    Tel: (860) 249-7143
                                    Hartford, CT 06103              Fax: (860) 249-7144

## **CERTIFICATION**

      I hereby certify that on 23rd day of April 2008 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                         /s/ Jill Hartley
                                                         Jill Hartley

LAW OFFICES of JILL HARTLEY, LLC     100 Pearl Street, 14th Floor     Tel: (860) 249-7143
Hartford, CT 06103     Fax: (860) 249-7144